■ JASPER A. FORESTIERE, Respondent, v. ALFRED J. D'ALESSANDRO, Appellant.— Appeal from so much of an order as denied a motion to dismiss the first cause of action alleged in the complaint. The motion was made on the ground that the said cause did not state facts sufficient to constitute a cause of action. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ELSA FUHRER, Appellant, and HERBERT BROWNELL, JR., as Attorney General of the United States of America, Respondent, v. CHEMICAL CORN EXCHANGE BANK, Respondent.— Action for removal of a trustee under an *inter vivos* trust agreement, and for other relief. The appeal is from three orders: (1) order on reargument entered November 2, 1955, modifying the original determination which denied defendant's motion to stay the trial or to direct severance of the action so as to limit the trial thereof solely to the claim that a default judgment was permitted to go against plaintiff Fuhrer as a result of a fraudulent conspiracy, and granting the said motion to the extent of severing and directing a separate trial of the issue of fraud set forth in the complaint; (2) order entered December 13, 1955, denying plaintiff Fuhrer's motion to resettle the order on reargument entered November 2, 1955, so as to recite therein certain papers; and (3) order entered November 4, 1955, granting leave to defendant to serve an amended answer, pleading the Statute of Limitations as a third partial defense to any alleged cause of action in the complaint based upon fraud. Order entered November 2, 1955, modified by striking from the ordering paragraph thereof the words "issue of fraud in the complaint herein be, and hereby is" and by substituting therefor the words "issues of fraud and conspiracy in the complaint herein be, and hereby are". As so modified, order affirmed, without costs. Order entered December 13, 1955 affirmed, without costs. Order entered November 4, 1955 modified by striking from the ordering paragraph thereof the words "in the form attached to the motion papers" and by substituting therefor "pleading the Statute of Limitations to any alleged cause of action in the complaint based upon fraud and conspiracy". As so modified, order affirmed, without costs. In our opinion, the papers on appeal do not demonstrate that the fraud and conspiracy charges, alleged in the complaint, comprise a single unit of fact. Under the circumstances, the identity of each of these subject matters should have been preserved in the order of severance. In the interests of justice and fairness, if plaintiff Fuhrer is entitled to that relief by way of modification of the order of severance, defendant should be accorded the parallel relief of broadening the order for leave to amend its answer by pleading the Statute of Limitations likewise to the conspiracy charge. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.